No. 26

INDUSTRIAL COM. v. FLAHERTY

Ohio Appeals, 7th Dist., Mahoning County

Decided Nov. 2, 1923

1263. WORKMEN'S COMPENSATION — Suit, begun against employer after claim filed for award, does not destroy right to the award; nor does compensation received from employer.

POLLOCK, J.

Epitomized Opinion

First Publication of this Opinion

Gertrude Flaherty, who had sustained injuries in the employ of the Book Shoe Co., made application to the Industrial Commission for an award. Shortly afterward she brought an action in the Common Pleas against the Shoe Company to recover damages for her injuries and later that action was settled and dismissed, she signing a release of all claims against the shoe company for the consideration of $250.

The Industrial Commission because of the action against her employer, refused her application, whereupon she appealed to the Common Pleas, where she obtained a verdict in her favor. The Industrial Commission prosecuted error to the Court of Appeals, which held:

1. By 1465-76 GC. an employee has an option either to sue his employer or claim compensation under the act, and an election of either right waives the other. When plaintiff filed her application with the Commission she waived her right to bring action against her employer. After her election to apply to the Commission was made the filing of the action against her employer did not destroy her previous election or deprive her of the right to continue her claim for award.

2. The right to an award from the Industrial Commission and an action prosecuted against an employer are two separate things. The mere receipt from the employer of compensation in settlement of the action did not preclude plaintiff from receiving an award from the Commission. Judgment of Common Pleas affirmed.

Attorneys—John G. Price, R. R. Zumerhly, H. H. Hull and T. J. Thomas, Columbus, for the Commission; L. L. George, Youngstown, for plaintiff.

---

# NEW RULES

## CHANGES IN SUPREME COURT RULES

### Effective January 1, 1924

On October 4, 1923, an amendment of the Rules of Practice was adopted, reducing the limitation for filing a motion to certify record from seventy (70) days to twenty (20) days; this action has been modified by extending the time to thirty (30) days. Official confirmation has just been made of the foregoing changes.

The new rule days effective January 1, 1924, are as follows:

Limitation for motion to certify (from entry of judgment by Court of Appeals), 30 days;

Petition in error (from date of allowing of order to certify), 10 days;

Printed record (from filing of the petition in error), 30 days;

Printed brief of plaintiff in error (from filing of petition in error), 30 days;

Printed brief of defendant in error (from filing of petition in error), 60 days;

Printed reply brief (from filing of petition in error), 80 days.

Complete text of these rules can be obtained from:

The Ohio State Bar Association

State House Annex,

Columbus, Ohio.

Robert C. Mason,     J. L. W. Henney,

Executive Secretary.     Secretary.